UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCES V. WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>KORY O. PIERCE et al.,<br><br>Defendants. | No. 16 CV 9880<br><br>Judge Manish S. Shah |

## ORDER

Defendant City of Chicago's partial motion to dismiss, [39], is granted. The claims against the City are dismissed without prejudice.

## STATEMENT

Plaintiff Frances Washington filed this action under 42 U.S.C. § 1983 against the City of Chicago and several police officers in its employ, after those officers forced their way into her home to execute a search warrant. Washington alleges that defendants violated her Fourth Amendment rights when the officers broke down her front door without first knocking and announcing their presence, and when they pointed guns at her and yelled at her while searching the house. Her complaint contains two counts. Count I alleges a failure to knock and announce prior to entering her home, and Count II alleges excessive force. Each count includes a claim against the City of Chicago, which the City now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).

A plaintiff seeking monetary damages from a municipality under § 1983 must show that an official policy was the "moving force" of the deprivation of a constitutional right. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). An official policy may be an express policy, a widespread practice that is so permanent and well-settled that it constitutes a custom or practice, or the conduct of a person with final policymaking authority. *See Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir. 2012).

Washington alleges that her constitutional injuries were caused by the City's failure to adequately train its police officers to avoid infringing citizens' rights. A city may be liable under § 1983 for a deprivation of rights caused by a failure to train its employees, but such a claim is the "most tenuous" of *Monell* claims. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). A plaintiff must show that the failure

to train amounts to the local government's "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id.* (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)). That ordinarily requires allegations of a pattern of similar constitutional violations by untrained employees, such that policymakers had notice that the training program was inadequate, but deliberately chose to continue adhering to that program despite the consequences. *See id.* at 62. That would be, in effect, a decision by the City to violate the Constitution. *See id.* at 62–63 (citing *Canton*, 489 U.S. at 395).

The City argues that the *Monell* claims are not supported by enough factual allegations to plausibly suggest a right to relief. I agree. The only allegation concerning the City appears in paragraph 27 under Count I, and is repeated verbatim in paragraph 27 under Count II. It states that the officers' unconstitutional actions resulted from the City's inadequate training, which in turn was the result of "one or more official policy decisions by the City Council of the City of Chicago which failed to fund and provide adequate training for police officers even after it became apparent that Chicago police officers were repeatedly guilty of violating the Fourth Amendment to the United States Constitution and needed more training." [1] ¶ 27.* But such a general and vague allegation cannot support a *Monell* claim based on a failure to train, because the complaint does not state how those other, apparently generic, Fourth Amendment violations relate to the conduct alleged here. It would be unreasonable to infer that the City was aware of the inadequacy of its training program as to the execution of search warrants or use of force from only a generalized pattern of Fourth Amendment violations. "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62.

Washington argues that the City was alerted to the inadequacy of its training policies by a United States Department of Justice investigation into its practices. She requests that judicial notice be taken of a January 13, 2017 investigation report, which found that the Chicago Police Department engaged in a pattern of unconstitutional use of force. The City does not object to that request, but notes that, while the report criticizes the City's training program in general, it does not discuss either deficient training or resulting unconstitutional conduct related to the execution of search warrants. Washington cites to a section of the report that describes the City's failure to adequately address systemic deficiencies in the police department's field training program that had been identified in 1997. The City argues that that section does not suggest deliberate indifference, but rather that the City was merely unsuccessful in its attempt to remedy the deficiencies. Ultimately, the report's description of the inadequate field training program does not supply the requisite factual specificity, because Washington does not explain its connection to

---

* Bracketed numbers refer to entries on the district court docket.

2

the constitutional violations alleged here. And as the City notes, the report does not otherwise indicate that the City was aware of inadequacies in its training program prior to the events alleged in the complaint and deliberately chose to ignore them.

Washington also points to an alleged statement by one of the police officers who searched her home. The complaint alleges that Washington asked that officer why the police had forced their way into the apartment instead of knocking, and the officer responded by saying that they did not need to knock when executing a search warrant. But this does not save Washington's *Monell* claims. While the officer's statement may reflect his misapprehension of the law, it cannot be reasonably inferred from that exchange that the City of Chicago knowingly maintained an inadequate training program for its police officers.

Though § 1983 claims are not subject to heightened pleading requirements, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), Rule 8 still requires that a plaintiff "give enough details about the subject-matter of the case to present a story that holds together." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). And "[t]he required level of factual specificity rises with the complexity of the claim." *McCauley*, 671 F.3d at 616–17. Given the "nebulous" nature of a *Monell* claim based on a failure to train, *Connick*, 563 U.S. at 61 (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 822 (1985)), a plaintiff alleging such a claim must provide more factual specificity than that alleged here to plausibly suggest a right to relief. Because the complaint does not allege enough facts to plausibly suggest deliberate indifference on the part of the City, it fails to state *Monell* claims based on a failure to train, and the claims are therefore dismissed.

The City's partial motion to dismiss, [39], is granted.

ENTER:

/s/ Manish S. Shah
Manish S. Shah
United States District Judge

Date: 4/24/2017